

# *Malise Prieto*

## Clerk of Court

### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

DATE: 08/26/2014

I, Rachael L. Meyers , DEPUTY CLERK, HEREBY CERTIFY THE ATTACHED TO BE A ***TRUE AND COMPLETE COPY*** OF THE ***CIVIL SUIT*** NUMBERED 2014-11935 ,ENTITLED Nicholas A. Harper _____ VS. The city of Covington _____ IN THE TWENTY- SECOND JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY, FROM INCEPTION OF THE CASE UNTIL 08/25/2014 .

_____
DEPUTY CLERK OF COURT
22ND JUDICIAL DISTRICT COURT

000001

**FILED**

MAY 0 5 2014

MALISA PRIETO CLERK
Deputy _____

UNITED STATES EASTERN DISTRICT COURT FOR THE STATE OF LOUISIANA

CASE NO: 2014119 35                          DIVISION: A

**NICHOLAS A. HARPER**

**VERSUS**

**THE CITY OF COVINGTON, THE CITY OF COVINGTON POLICE DEPARTMENT, RICHARD PALMISANO, both individually and in his official capacity as former CHIEF OF POLICE FOR THE CITY OF COVINGTON, MIKE COOPER, individually and in his official capacity as mayor of The City of Covington, STEVEN SHORT both individually and in his official capacity, STEVEN CULLOTTA both individually and in his official capacity.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINIFF'S  O R IGINAL PETITION FOR DAMAGES AND JURY DEMAND**

Plaintiff, NICHOLAS A. HARPER, herein after referred to as "PLAINTIFF" by and through undersigned counsel, hereby institutes the instant suit for damages against the named defendants as follows:

**I.    PARTIES**

1. Plaintiff, Nicholas A. Harper, who is a person of the full age of majority and domiciled and residing in the City of Baton Rouge, State of Louisiana; and

2. Defendant, The City of Covington, who is a self insured municipal corporation authorized to do and is doing business in the City of Covington, Parish of St. Tammany, State of Louisiana.

3. Defendant, former Chief of Police for the City of Covington, Richard Palmisano, individually and in his official capacity, as former Chief of Police for the City of Covington Police Department. Former Chief Palmisano is and at all relevant times was acting as the Chief of Police for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties as the Chief of Police and at all relevant times was acting under color of state law. Further, former Chief Palmisano to the best of

1

ST TAMMANY PARISH

2014 MAY -5 P 3 25

FILED

information and belief is a resident and domiciliary of the Eastern District of Louisiana.

4. Defendant, The City of Covington Police Department is a municipal department within the supervision and control of the City of Covington and the Mayor of the City of Covington. Further, upon information and belief the City of Covington and/or the Mayor for the City of Covington at all relevant times reposed, delegated, entrusted whether pursuant to agency principles or other otherwise in its Chief of Police for the City of Covington Police Department final authority with respect to termination of employment decisions.

5. Defendant, ABC Insurance Company, a fictitious name for an actual insurance business licensed and duly authorized to do and who is doing business in the State of Louisiana prior to the filing of the instant complaint, and who upon information and belief provided at all relevant times insurance coverage for the acts and omissions of said defendants.

6. Defendant, Mike Cooper, individually and in his official capacity, as Mayor for the City of Covington. Mayor Mike Cooper at all relevant times was acting in his official capacity as mayor for the City of Covington and was at all relevant times acting in the course and scope of his employment and official duties as the acting mayor and at all relevant times was acting under color of state law. Further, upon information and belief Mayor Mike Cooper is a resident and domiciliary of the Eastern District of Louisiana.

7. Defendant, Steven Short, individually and in his official capacity, as a police officer for the City of Covington Police Department. Steven Short is and at all relevant times was acting as the the Internal Affairs Investigator for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties and at all relevant times was acting under color of state law. Further, Steven Short to the best of information and belief is a resident and domiciliary of the Eastern District of Louisiana.

8. Defendant, Steven Cullotta, individually and in his official capacity, as a police officer for the City of Covington Police Department. Steven Cullotta is and at all relevant times was acting as a detective for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties and at all relevant times was acting under color of state law. Further, Steven Cullotta to the best of information and belief is a resident and domiciliary of the Eastern District of Louisiana.

2

## II.    JURISDICTION AND VENUE

9.  Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. section 1983 and the United States Constitution because this case arises under the Constitution and laws of the United States. Thus the instant suit is an actual controversy arising under the Fifth and Fourteenth Amendments of the United States Constitution and also arises pursuant to the provisions of Title 42 U.S.C. sections 1983 and 1988 respectively.

10.  Supplemental jurisdiction is also asserted for all claims cognizable under the laws of the State of Louisiana and the Louisiana State Constitution including claims for violations of Articles I, section 2, all pursuant to 28 U.S.C. section 1367.

11.  Venue is proper in this District Court under 28 U.S.C. Sections 1391(b) and 1393(a). Plaintiff avers that one or more of the defendants reside in this district and the claims asserted herein arose in this district.

12. Furthermore, this Honorable Court has jurisdiction over this matter as the amount in controversy exceeds this Court's jurisdictional requirements.

## III.    PRELIMINARY STATEMENT

13.  This Civil Complaint is brought pursuant to Title 42 U.S.C. Section 1983 and 1988 as an action to redress the wrongful, malicious, and intentional deprivation under color of law, statute, ordinance, regulation, custom or usage of the rights and privileges or immunities secured to Plaintiff by the Constitution of the United States, including but not limited to the Fifth and Fourteenth Amendments of the United States Constitution and/or by acts of Congress. Plaintiff further asserts claims pursuant to the Constitution of the State of Louisiana, and other pertinent statutes, laws, and ordinances of the State of Louisiana.

## IV.    FACTUAL ALLEGATIONS

14. Plaintiff, Nicholas A. Harper, who held a permanent classified civil service position with the City of Covington Police Department as a police officer was arbitrarily without legal cause wrongfully terminated on April 24, 2013, which termination was not only based on improper motive and malicious intent undertaken with reckless disregard but which also likewise violated his due process rights.

3

15. Likewise, Plaintiff, Nicholas Harper's additional disciplinary sanction of being suspended without pay also unconstitutionally violated the provisions of the Officer's Bill of Rights acting as an actual and/or constructive termination of his employment without any notice and without a pre disciplinary hearing occurring on March 25, 2013, when Officer Harper was wrongly and falsely arrested.

16. The illegal suspension without pay and termination are an absolute nullity as he was deprived of notice and of a pre- termination hearing pursuant to the Police Officer's Bill of Rights codified by *La. R.S. 40:2531* which mandates certain minimal rights for police offices prior to disciplinary measures being adversely taken.

17. Defendants Steven Short, Steven Cullotta, and Richard Palmisano intentionally deprived Officer Nicholas Harper of his constitutionally protected rights through unlawful tactics exerted through intimidation, coercion, duress and negative media coverage in connection with an incident occurring on or about November 20, 2012, wherein a George Davis was in the custody of the Covington Police after having committed the crimes of theft and battery on a local store owner, who while in custody attacked former officer Anthony Adam by biting the officer causing injury as well as bleeding to Officer Adams with the inmate, George Davis, informing the officer he attacked that he was infected with the HIV virus suggesting Officer Adams would now have it to with the attack thereby necessitating the assistance of officer Harper who thereafter was wrongfully terminated, investigated, and prosecuted in bad faith by named defendants for legal and reasonable actions taken in the line of duty under the circumstances in having to come to the assistance of Officer Adams.

## V.    CAUSES OF ACTION

### A.  COUNT ONE, TWO & THREE – WRONGFUL TERMINATION & BAD FAITH PROSECUTION & FALSE ARREST

18. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

19. At all times relevant hereto, Plaintiff avers that he had a property interest in his continued employment as Plaintiff is classified as a permanent classified civil service employee and thereby notice and opportunity to be heard are statutorily required pursuant to La.R.S.40:2531 which mandates certain minimal police officer rights including a pre- termination hearing. Pursuant to

4

La. R.S. 40:2531, mandatory minimum standards shall be complied with during any investigation of an officer, more commonly referred to as "The Police Officer's Bill of Rights;"

20. The Defendants are liable in their respective individual and official capacities for these violations and deprivations pursuant to 42 U.S.C. section 1983 and state law, as Defendants have violated and deprived Plaintiff of his Constitutional rights in the following respects:

a.) By wrongfully terminating him without legal cause in spite of his substantive and procedural due process rights under the Fourteenth and Fifth Amendments to the United States Constitution to be terminated only for cause; and

b.) By failing to provide notice and opportunity to be heard in spite of his procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution; and

c.) By terminating him without legal cause in spite of his substantive due process rights under Article I, section 2 of the Louisiana Constitution to be terminated only for cause, and in spite of his related right under Article X, Section 16 of the Louisiana Constitution to be terminated only for legal cause and state statute; and

d.) By failing to provide notice and opportunity to be heard in spite of his procedural due process rights under the Fourteenth and Fifth Amendments to the U.S. Constitution and Article I, section 2 and Article X, section 16 of the Louisiana Constitution and state statute; and

e.) By pursuing prosecution against Plaintiff in a bad faith manner and without probable cause through an improper maliciously motivated investigation, false arrest, and bad faith prosecution with the officers acting under color of state law withholding relevant information/evidence and/or witness statements and by utilization of tactics including intimidation, duress, bullying, and coercion intended to mislead and taint the investigation and prosecution for improper motives to be more fully detailed and supplemented.

21. Pursuant to state law and official policy of the local government body Chief Palmisano and Mayor Cooper were acting in their official capacities and acting under the color of state law in all acts and omissions and/or silence as complained herein which deprived Harper of his property interest and liberty interest in his employment without affording him Constitutional due process and failing to ensure he had a fair, unbiased, non-prejudicial investigation; violating not only the Federal Constitution but also the Louisiana Constitution and state law making defendants liable in their individual capacities while acting under color of law to Plaintiff for damages for the

5

deprivation of his property and liberty interest in employment pursuant to 42 USC section 1983 and Louisiana law and likewise subjecting Harper to bad faith prosecution by the hands of the city officials named as defendants herein.

22. Further, at all times pertinent hereto, the defendants, namely Chief Palmisano and Mayor Cooper were acting in the course and scope of their employment in their official capacities under color of state law with actual or constructive implicit knowledge and implicit approval of the wrongful procedures utilized in connection with the investigation and in the acts/omissions or otherwise effectively sanctioning the improper, unconstitutional and illegal acts taken against Harper and therefore the defendants are liable individually and in their official capacities as the moving force, proximate cause or affirmative link in the conduct directly causing Harper's wrongful termination and thus the defendants are liable for violation of Plaintiff's Constitutional Rights, and state law rights.

## B. COUNT TWO – DEFAMATION

23. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

24. Plaintiff avers that the defamatory statements published by the city, Mayor Cooper and Palmisano intentionally and maliciously constitute "defamation per se" as the statements constitute words which expressly or implicitly accuse another of criminal conduct, or which statements by their very nature tend to injure one's personal or professional reputation even without considering extrinsic facts or surrounding circumstances are considered defamatory per *Lemeshewsky v. Dumaine*, 464 So.2d 973 (La. App. 4th Cir. 1985).

25. At all times pertinent hereto, the Defendants were acting in their official capacities under the color of state law in their acts and omissions and/or silence being the proximate cause causing Plaintiff's injuries and thus are therefore liable for Plaintiff's damages.

## C. VICARIOUS LIABILITY DOCTRINE OF RESPONDEAT SUPERIOR

26.) The allegations contained in the forgoing paragraphs are repeated, re-alleged and incorporated herein by reference as if fully set forth.

27.) At all times pertinent hereto, the City of Covington, The City of Covington Police Department, and Chief Richard Palmisano and Mayor Mike Cooper are sued under the doctrine

6

of respondeat superior/Vicarious liability as to Plaintiff's state law claims as the defendants were acting in the course and scope of their employment and official duties namely with Chief Palmisano acting as the City of Covington's Chief of Police employed by the department and the City of Covington under the supervision and control of the mayor, Mike Cooper as well as acting as an agent for the City of Covington when he engaged in the actions alleged herein and thus are liable for the acts and omissions made the basis of the instant suit. Alternatively, the defendants are individually liable for said acts and omissions and may not avail of the defense of qualified immunity, which is denied by Plaintiff as Defendants created, supported and promulgated the wrongful policies and actions undertaken.

28.) All named defendants are liable unto Plaintiff jointly, severably, and in solidio.

## VI.    PUNITIVE DAMAGES

29.) The allegations contained in the forgoing paragraphs are repeated, re-alleged and incorporated herein by reference as if fully set forth.

30.) Plaintiff seeks punitive be awarded in connection with his claim pursuant to 42 U.S.C. Section 1983 as the defendants Chief Palmisano, Steven Short, Steven Cullotta, and Mayor Mike Cooper actions as alleged herein were malicious, intentional, wanton, willful and/or in reckless disregard for Plaintiff's rights with Plaintiff being entitled to an award of punitive damages against  the named Defendants individually.

## VII.  ATTOREY'S FEES

31.) Plaintiff through undersigned counsel specifically pleads the right to attorney fees as authorized by the Civil Rights Attorney's Fee Awards Act of 1976, amending Title 42 USC Section 1988 for his actions in enforcing Sections 1983 of title 42 of the United States Code.

## VIII.  DAMAGES

32.) Compensatory Damages: Plaintiff seeks compensatory damages for the acts and omissions of the defendants in this matter which caused him damage for the Defendant's Denial of Civil Rights, wrongful termination, humiliation, mental anguish, defamation of his character, Abuse of his Rights, embarrassment, loss of pride, stress, and for all past present and future suffering.

33.) Special Damages: Plaintiff seeks that the court award special damages for all past present

7

and future medical expenses and any and all lost wages including loss of detail work and supplemental pay.

34.) Punitive Damages

35.) Attorneys Fees pursuant to section 1988 of the United States Code and attorney fees in the underlying matter.

36.) Plaintiff seeks that the court also award legal/judicial interest from date of judicial demand and that all cost incurred be paid by the defendants.

## IX. DEMAND FOR JURY TRIAL

37.) Plaintiff demands and is entitled to a trial by jury.

## X. MISSILANEOUS

38.) Plaintiff respectfully avers that he intends to supplement and amend the instant petition although due to the fact that there is a current criminal proceeding pending in the 22nd Judicial District Court arising out of this matter shall do so at the appropriate time.

8

WHEREFORE, Plaintiff, **NICHOLAS A. HARPER**, prays that the Defendants, namely, The City of Covington, The City of Covington the former Chief of the Covington Police Department, and ABC Insurance Company, Mayor Mike Cooper both individually and in his official capacity, Steven Short both individually and in his official capacity, and Steven Cullotta both individually and in his official capacity be duly served and cited with a copy of the instant complaint and ordered to appear and answer same and that after all legal delays have lapsed that there be judgment in favor of Plaintiff, Nicholas A. Harper, and against the named defendants jointly, severally, and in solido for all of the relief sought in this instant petition for damages including all costs and attorney's fees as well as legal interest on all amounts awarded to Plaintiff from the date of judicial demand until paid, and for all other legal and equitable relief that this Honorable Court deems appropriate.

Respectfully Submitted:

BY/:s/Christine Y. Voelkel

Christine Y. Voelkel (#29469)
218 Lafitte Street
Mandeville Louisiana 70448
Telephone: (985) 869-1337  or (985) 626-3344
Email:  cvoelkellawfirm@gmail.com
Counsel for Plaintiff, Nicholas A. Harper

### CERTIFICATION OF ELECTRONIC FILING

Undersigned counsel certifies that on this 25th day March, 2014, that she has electronically filed the instant Petition with the court through the court's electronic pacer filing system and shall serve the instant petition upon said defendants pursuant to this court's requirements via issuance of summons and/or through acceptance of service and waiver of citation to be filed with the court.

/s/Christine Y. Voelkel (#29469)

9

**FILED**

22ND JUDICIAL DISTRICT COURT FOR ST. TAMMANY PARISH
STATE OF LOUISIANA

MAY 0 5 2014

MALISE PRIETO CLERK

Deputy

DIVISION H

NO: 2014-11935

NICHOLAS A. HARPER

VERSUS

THE CITY OF COVINGTON, THE CITY OF COVINGTON POLICE DEPARTMENT,
RICHARD PALMISANO, both individually and in his official capacity as former CHIEF OF
POLICE FOR THE CITY OF COVINGTON, MIKE COOPER, individually and in his official
capacity as mayor of The City of Covington,
STEVEN SHORT both individually and in his official capacity, STEVEN CULLOTTA
both individually and in his official capacity.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

### PLAINIFF'S  SUPPLEMENTAL AND AMENDING O RIGINAL PETITION FOR DAMAGES AND JURY DEMAND

Plaintiff, NICHOLAS A. HARPER, herein after referred to as "PLAINTIFF" by and
through undersigned counsel, hereby institutes the instant suit for damages against the named
defendants and supplements and amends the Original Petition fax filed on April 24, 2014, to
correct errors of form as indicated in undersigned's fax cover sheet and supplemental title page
fax filed on April 24, 2014, due to a computer crash causing counsel to only have a previously
drafted PDF version of the above entitled lawsuit stored in cloud on undersigned's smartphone,
and thus Plaintiff supplements and amends as follows:

I.    PARTIES

1.  Plaintiff, Nicholas A. Harper, who is a person of the full age of majority and domicile and
residing in the City of Baton Rouge, State of Louisiana; and

2.  Defendant, The City of Covington, who is a self insured municipal corporation authorized to
do and is doing business in the City of Covington, Parish of St. Tammany, State of Louisiana;

3.  Defendant, former Chief of Police for the City of Covington, Richard Palmisano,
individually and in his official capacity, as former Chief of Police for the City of Covington
Police Department. Former Chief Palmisano is and at all relevant times was acting as the Chief
of Police for the City of Covington Police Department and was at all relevant times acting in the
course and scope of his employment and official duties as the Chief of Police and at all relevant
times was acting under color of state law. Further, former Chief Palmisano to the best of
information and belief is a resident and domiciliary of St. Tammany Parish, State of Louisiana.

4.  Defendant, The City of Covington Police Department is a municipal department within the
supervision and control of the City of Covington and the Mayor of the City of Covington.
Further, upon information and belief the City of Covington and/or the Mayor for the City of
Covington at all relevant times reposed, delegated, entrusted whether pursuant to agency
principles or other otherwise  in its Chief of Police for the City of Covington Police Department
final authority with respect to termination of employment decisions.

5.  Defendant, ABC Insurance Company, a fictitious name for an actual insurance business
licensed and duly authorized to do and who is doing business in the State of Louisiana prior to
the filing of the instant complaint, and who upon information and belief provided at all relevant
times insurance coverage for the acts and omissions of said defendants.

6.  Defendant, Mike Cooper, individually and in his official capacity, as Mayor for the City of
Covington. Mayor Mike Cooper at all relevant times was acting in his official capacity as mayor
for the City of Covington and was at all relevant times acting in the course and scope of his
employment and official duties as the acting mayor and at all relevant times was acting under

1

color of state law. Further, upon information and belief Mayor Mike Cooper is a resident and domiciliary of St. Tammany Parish, State of Louisiana.

7. Defendant, Steven Short, individually and in his official capacity, as a police officer for the City of Covington Police Department. Steven Short is and at all relevant times was acting as the the Internal Affairs Investigator for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties and at all relevant times was acting under color of state law. Further, Steven Short to the best of information and belief is a resident and domiciliary of St. Tammany Parish, State of Louisiana.

8. Defendant, Steven Cullotta, individually and in his official capacity, as a police officer for the City of Covington Police Department. Steven Cullotta is and at all relevant times was acting as a detective for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties and at all relevant times was acting under color of state law. Further, Steven Cullotta to the best of information and belief is a resident and domiciliary of St. Tammany Parish, State of Louisiana..

## II. JURISDICTION AND VENUE

9. Jurisdiction and venue is vested in this Honorable Court as the cause of actions asserted herein arise under the laws of the United States Constitution and the Louisiana State Constitution and under Louisiana State law respectively and furthermore the named defendants are domiciled and residing in the St. Tammany Parish, State of Louisiana with the acts and omissions complained of herein having occurred and transpired in St. Tammany Parish State of Louisiana.

## III. PRELIMINARY STATEMENT

10. This Civil Complaint is brought pursuant to Title 42 U.S.C. Section 1983 and 1988 as an action to redress the wrongful, malicious, and intentional deprivation under color of law, statute, ordinance, regulation, custom or usage of the rights and privileges or immunities secured to Plaintiff by the Constitution of the United States, including but not limited to the Fifth and Fourteenth Amendments of the United States Constitution and/or by acts of Congress. Plaintiff further asserts claims pursuant to the Constitution of the State of Louisiana, and other pertinent statutes, laws, and ordinances of the State of Louisiana.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff, Nicholas A. Harper, who held a permanent classified civil service position with the City of Covington Police Department as a police officer was arbitrarily without legal cause wrongfully terminated on April 24, 2013, which termination was not only based on improper motive and malicious intent undertaken with reckless disregard but which also likewise violated his due process rights.

12. Likewise, Plaintiff, Nicholas Harper's additional disciplinary sanction of being suspended without pay also unconstitutionally violated the provisions of the Officer's Bill of Rights acting as an actual and/or constructive termination of his employment without any notice and without a pre disciplinary hearing occurring on March 25, 2013, when Officer Harper was wrongly and falsely arrested.

13. The illegal suspension without pay and termination are an absolute nullity as he was deprived of notice and of a pre- termination hearing pursuant to the Police Officer's Bill of Rights codified by La. R.S. 40:2531 which mandates certain minimal rights for police offices prior to disciplinary measures being adversely taken.

14. Defendants Steven Short, Steven Cullotta, and Richard Palmisano intentionally deprived Officer Nicholas Harper of his constitutionally protected rights through unlawful tactics exerted through intimidation, coercion, duress and negative media coverage in connection with an incident occurring on or about November 20, 2012, wherein a George Davis was in the custody of the Covington Police after having committed the crimes of theft and battery on a local store owner, who while in custody attacked former officer Anthony Adam by biting the officer causing

2

injury as well as bleeding to Officer Adams with the inmate, George Davis, informing the officer he attacked that he was infected with the HIV virus suggesting Officer Adams would now have it to with the attack thereby necessitating the assistance of officer Harper who thereafter was wrongfully terminated, investigated, and prosecuted in bad faith by named defendants for legal and reasonable actions taken in the line of duty under the circumstances in having to come to the assistance of Officer Adams.

## V.    CAUSES OF ACTION

### A.  COUNT ONE, TWO & THREE – WRONGFUL TERMINATION & BAD FAITH PROSECUTION & FALSE ARREST

15. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

16. At all times relevant hereto, Plaintiff avers that he had a property interest in his continued employment as Plaintiff is classified as a permanent classified civil service employee and thereby notice and opportunity to be heard are statutorily required pursuant to La.R.S.40:2531 which mandates certain minimal police officer rights including a pre- termination hearing. Pursuant to La. R.S. 40:2531, mandatory minimum standards shall be complied with during any investigation of an officer, more commonly referred to as "The Police Officer's Bill of Rights;"

17. The Defendants are liable in their respective individual and official capacities for these violations and deprivations pursuant to 42 U.S.C. section 1983 and state law, as Defendants have violated and deprived Plaintiff of his Constitutional rights in the following respects:

a.) By wrongfully terminating him without legal cause in spite of his substantive and procedural due process rights under the Fourteenth and Fifth Amendments to the United States Constitution to be terminated only for cause; and

b.) By failing to provide notice and opportunity to be heard in spite of his procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution; and

c.) By terminating him without legal cause in spite of his substantive due process rights under Article I, section 2 of the Louisiana Constitution to be terminated only for cause, and in spite of his related right under Article X, Section 16 of the Louisiana Constitution to be terminated only for legal cause and state statute; and

d.) By failing to provide notice and opportunity to be heard in spite of his procedural due process rights under the Fourteenth and Fifth Amendments to the U.S. Constitution and Article I, section 2 and Article X, section 16 of the Louisiana Constitution and state statute; and

e.) By pursuing prosecution against Plaintiff in a bad faith manner and without probable cause through an improper maliciously motivated investigation, false arrest, and bad faith prosecution with the officers acting under color of state law withholding relevant information/evidence and/or witness statements and by utilization of tactics including intimidation, duress, bullying, and coercion intended to mislead and taint the investigation and prosecution for improper motives to be more fully detailed and supplemented.

18. Pursuant to state law and official policy of the local government body Chief Palmisano and Mayor Cooper were acting in their official capacities and acting under the color of state law in all acts and omissions and/or silence as complained herein which deprived Harper of his property interest and liberty interest in his employment without affording him Constitutional due process and failing to ensure he had a fair, unbiased, non-prejudicial investigation; violating not only the Federal Constitution but also the Louisiana Constitution and state law making defendants liable in their individual capacities while acting under color of law to Plaintiff for damages for the deprivation of his property and liberty interest in employment pursuant to 42 USC section 1983 and Louisiana law and likewise subjecting Harper to bad faith prosecution by the hands of the city officials named as defendants herein.

3

19. Further, at all times pertinent hereto, the defendants, namely Chief Palmisano and Mayor Cooper were acting in the course and scope of their employment in their official capacities under color of state law with actual or constructive implicit knowledge and implicit approval of the wrongful procedures utilized in connection with the investigation and in the acts/omissions or otherwise effectively sanctioning the improper, unconstitutional and illegal acts taken against Harper and therefore the defendants are liable individually and in their official capacities as the moving force, proximate cause or affirmative link in the conduct directly causing Harper's wrongful termination and thus the defendants are liable for violation of Plaintiff's Constitutional Rights, and state law rights.

## B. COUNT TWO – DEFAMATION

20. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

21. Plaintiff avers that the defamatory statements published by the city, Mayor Cooper and Palmisano intentionally and maliciously constitute "defamation per se" as the statements constitute words which expressly or implicitly accuse another of criminal conduct, or which statements by their very nature tend to injure one's personal or professional reputation even without considering extrinsic facts or surrounding circumstances are considered defamatory per Lemeshewsky v. Dumaine, 464 So.2d 973 (La. App. 4th Cir. 1985).

22. At all times pertinent hereto, the Defendants were acting in their official capacities under the color of state law in their acts and omissions and/or silence being the proximate cause causing Plaintiff's injuries and thus are therefore liable for Plaintiff's damages.

## C. VICARIOUS LIABILITY DOCTRINE OF RESPONDEAT SUPERIOR

23.) The allegations contained in the forgoing paragraphs are repeated, re-alleged and incorporated herein by reference as if fully set forth.

24.) At all times pertinent hereto, the City of Covington, The City of Covington Police Department, and Chief Richard Palmisano and Mayor Mike Cooper are sued under the doctrine of respondeat superior/Vicarious liability as to Plaintiff's state law claims as the defendants were acting in the course and scope of their employment and official duties namely with Chief Palmisano acting as the City of Covington's Chief of Police employed by the department and the City of Covington under the supervision and control of the mayor, Mike Cooper as well as acting as an agent for the City of Covington when he engaged in the actions alleged herein and thus are liable for the acts and omissions made the basis of the instant suit. Alternatively, the defendants are individually liable for said acts and omissions and may not avail of the defense of qualified immunity, which is denied by Plaintiff as Defendants created, supported and promulgated the wrongful policies and actions undertaken.

25.) All named defendants are liable unto Plaintiff jointly, severably, and in solidio.

## VI.   PUNITIVE DAMAGES

26.) The allegations contained in the forgoing paragraphs are repeated, re-alleged and incorporated herein by reference as if fully set forth.

27.) Plaintiff seeks punitive be awarded in connection with his claim pursuant to 42 U.S.C. Section 1983 as the defendants Chief Palmisano, Steven Short, Steven Cullotta, and Mayor Mike Cooper actions as alleged herein were malicious, intentional, wanton, willful and/or in reckless disregard for Plaintiff's rights with Plaintiff being entitled to an award of punitive damages against the named Defendants individually.

## VII. ATTOREY'S FEES

28.) Plaintiff through undersigned counsel specifically pleads the right to attorney fees as authorized by the Civil Rights Attorney's Fee Awards Act of 1976, amending Title 42 USC

4

Section 1988 for his actions in enforcing Sections 1983 of title 42 of the United States Code.

## VIII.  DAMAGES

29.) Compensatory Damages: Plaintiff seeks compensatory damages for the acts and omissions of the defendants in this matter which caused him damage for the Defendant's Denial of Civil Rights, wrongful termination, humiliation, mental anguish, defamation of his character, Abuse of his Rights, embarrassment, loss of pride, stress, and for all past present and future suffering.

30.) Special Damages: Plaintiff seeks that the court award special damages for all past present and future medical expenses and any and all lost wages including loss of detail work and supplemental pay.

31.) Punitive Damages

32.) Attorneys Fees pursuant to section 1988 of the United States Code and attorney fees in the underlying matter.

33.) Plaintiff seeks that the court also award legal/judicial interest from date of judicial demand and that all cost incurred be paid by the defendants.

## IX. DEMAND FOR JURY TRIAL

34.) Plaintiff demands and is entitled to a trial by jury.

## X. MISSILANEOUS

35.) Plaintiff respectfully avers that he intends to supplement and amend the instant petition although due to the fact that there is a current criminal proceeding pending in the 22nd Judicial District Court arising out of this matter shall do so at the appropriate time.

   **WHEREFORE**, Plaintiff, NICHOLAS A. HARPER, prays that the Defendants, namely, The City of Covington, The City of Covington the former Chief of the Covington Police Department, and ABC Insurance Company, Mayor Mike Cooper both individually and in his official capacity, Steven Short both individually and in his official capacity, and Steven Cullotta both individually and in his official capacity be duly served and cited with a copy of the instant complaint and ordered to appear and answer same and that after all legal delays have lapsed that there be judgment in favor of Plaintiff, Nicholas A. Harper, and against the named defendants jointly, severally, and in solido for all of the relief sought in this instant petition for damages including all costs and attorney's fees as well as legal interest on all amounts awarded to Plaintiff from the date of judicial demand until paid, and for all other legal and equitable relief that this Honorable Court deems appropriate.

Respectfully Submitted:

BY:/s/Christine Y. Voelkel Christine Y. Voelkel (#29469)
218 Lafitte Street
Mandeville Louisiana 70448
Telephone: (985) 869-1337
Email: cvoelkellawfirm@gmail.com
Counsel for Plaintiff, Nicholas A. Harper

5

000015

APR/25/2014/FRI 08:59 AM                              FAX No.                              P. 001



*Malise Prieto*
**Clerk of Court**
**22nd Judicial District**
**Parish of St. Tammany**

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

DATE OF CONFIRMATION: April 25, 2014
TO: Christy Vieltal                              FAX: 866-717-0856
FROM: ST TAMMANY PARISH CLERK OF COURT          Phone: 985-809-8700
                                                 Fax: 985-809-8777
DATE FAX FILING RECEIVED: April 24, 2014
SUIT CAPTION: Nicholas Harper vs. City of Covington et al
SUIT NUMBER: _____                    AMOUNT DUE: Please call re Incomplete
                                                                Fax
                                                                See attached

## RECEIPT OF FAX TRANSMISSION

**PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR FILING MAY NOT BE DEEMED TIMELY FILED.**

### PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

La. R.S. 13:850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.  Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.  Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
    (1)   The original signed document.
    (2)   The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original pleadings.)
    (3)   A transmission fee of five dollars.

C.  If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS.

**ATTENTION FILING CLERK**
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

INS\B FILE\FAX CONFORMATION 08.24 12 wpd                              Revised 08/24/12

2014-11935
**FILED**
MAY 0 5 2014
MALISE PRIETO - CLERK
DEPUTY

FILED
2014 MAY -5 P 3:27
ST TAMMANY PARISH

UNITED STATES EASTERN DISTRICT COURT FOR THE STATE OF LOUISIANA

CASE NO: 2014- 11933                                    DIVISION: F

NICHOLAS A. HARPER

VERSUS

THE CITY OF COVINGTON, THE CITY OF COVINGTON POLICE DEPARTMENT,
RICHARD PALMISANO, both individually and in his official capacity as former CHIEF
OF POLICE FOR THE CITY OF COVINGTON, MIKE COOPER, individually and in his
official capacity as mayor of The City of Covington,
STEVEN SHORT both individually and in his official capacity, STEVEN CULLOTTA
both individually and in his official capacity

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES AND JURY DEMAND

Plaintiff, NICHOLAS A. HARPER, herein after referred to as "PLAINTIFF" by and
through undersigned counsel, hereby institutes the instant suit for damages against the named
defendants as follows:

I.    PARTIES

1.   Plaintiff, Nicholas A. Harper, who is a person of the full age of majority and domiciled and
residing in the City of Baton Rouge, State of Louisiana; and

2.   Defendant, The City of Covington, who is a self insured municipal corporation authorized to
do and is doing business in the City of Covington, Parish of St. Tammany, State of Louisiana

3    Defendant, former Chief of Police for the City of Covington, Richard Palmisano,
individually and in his official capacity, as former Chief of Police for the City of Covington
Police Department Former Chief Palmisano is and at all relevant times was acting as the Chief
of Police for the City of Covington Police Department and was at all relevant times acting in the
course and scope of his employment and official duties as the Chief of Police and at all relevant
times was acting under color of state law  Further, former Chief Palmisano to the best of

FAX COPY

APR 2 4 2014

RECEIVE:            NO.3399       04/25/2014/FRI 10:01AM

FILED

2014 MAY -5 P 3 27

ST TAMMANY PARISH



# FAX COVER SHEET

| TO | Civil Filing - clerk of Court |
|---|---|
| COMPANY | 22nd JDC |
| FAX NUMBER | 19858098777 |
| FROM | Christine Voelkel |
| DATE | 2014-04-25 04:48:33 GMT |
| RE | New Suit Fax Filing |

## COVER MESSAGE

Please fax file the attached suit and I will follow up with the original and costs Due. Also please note that I have new temporary contact information as follows
phone 985 869 1337
Fax 1 868 717 0868

Thanks, Christy Voelkel

FILED

2014 MAY -5 P 3: 27

ST TAMMANY PARISH

WWW.EFAX.COM

000018

APR 25/2014/FRI 10:18 AM                                        FAX No.                                        P. 001/001



# Malise Prieto
## Clerk of Court

**22nd Judicial District**
**Parish of St. Tammany**

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

**DATE OF CONFIRMATION:** April 25, 2014

TO: Christy Voelkel                                FAX: 866-717-0866
FROM: ST TAMMANY PARISH CLERK OF COURT            Phone: 985-809-8700
                                                   Fax: 985-809-8777

**DATE FAX FILING RECEIVED:** April 24, 2014

SUIT CAPTION: Nicholas Hayes v. City of Covington et al

SUIT NUMBER: 2014-11935-A                          AMOUNT DUE: $ 300.00

## RECEIPT OF FAX TRANSMISSION

PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE
FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR
FILING MAY NOT BE DEEMED TIMELY FILED.

**PLACE NEW SUIT NUMBER ON ALL PLEADINGS.**

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.     Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.     Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
   (1)     The original signed document.
   (2)     The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of of $10.00 and (c) fee for filing of the original pleadings.)
   (3)     A transmission fee of five dollars

C.     **If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.** The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

**PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS.**

---

**ATTENTION FILING CLERK**
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

INSLR FILES\FAX CONFIRMATION 08.24.12.wpd                                        Revised 08/24/12

2014-11935

# FILED

MAY 0 5 2014

MALISE PRIETO, CLERK

DEPUTY

FILED
2014 MAY -5 P 3 27
ST TAMMANY PARISH



APR 25/2014/FRI 10:18 AM                                    FAX No.                      P. 001/001



**Malise Prieto**
**Clerk of Court**

**22nd Judicial District**
**Parish of St. Tammany**

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

INCOMPLETE
and/or
DUPLICATE FAX

DATE OF CONFIRMATION: April 23, 2014
TO: *Chris Vallul*                                        FAX: *826-717-0866*
FROM: ST TAMMANY PARISH CLERK OF COURT            Phone: 985-809-8700
                                                          Fax:   985-809-8777

DATE FAX FILING RECEIVED: April 24, 2014
SUIT CAPTION: *Nicholas Harper Vs. City of Covington et al*
SUIT NUMBER: *2014-11935-A*   Additional AMOUNT DUE: *None Due*

**RECEIPT OF**
***Duplicate* and/or *Incomplete***
**FAX TRANSMISSION**

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.      Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of
        court shall make available for their use equipment to accommodate facsimile filing in civil actions.
        Filing shall be deemed complete at the time that the facsimile transmission is received and a
        receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when
        filed has the same force and effect as the original.

B.      Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the
        transmission, the party filing the document shall forward the following to the clerk:
        (1)     The original signed document.
        (2)     The applicable filing fee, if any.  (This charge includes fees for (a) filing the faxed
                documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original
                pleadings.)
        (3)     A transmission fee of five dollars.

C.      **If the party fails to comply with the requirements of Subsection B, the facsimile filing shall
        have no force or effect.** The various district courts may provide by court rule for other matters
        related to filings by facsimile transmission. (Emphasis added.)

Duplicate or incomplete faxes are charged at $5.00 for the first page and fifty cents for each
additional page.

I\BLR FIL23\fax confirmation duplicate 3-26-14 wpd                              Revised 03/26/2014

FILED
2014 MAY -5 P 3: 27
ST TAMMANY PARISH

000020

# FAX COVER SHEET

| | |
|---|---|
| TO | Clerk of Court - fax filing |
| COMPANY | 22nd JDC |
| FAX NUMBER | 19858098777 |
| FROM | Christine Voelkel |
| DATE | 2014-04-25 04:54:33 GMT |
| RE | Supplement to new suit fax filing |

## COVER MESSAGE

Dear Clerk please supplement the fax filing Nicholas Harper v. City of Covington. et al with the instant supplement and amendment to page 1, which is addressed to the proper court 22nd JDC.

Sincerely, Christy Voelkel

2014-11935

# FILED

MAY 0 5 2014

MARISE PRIETO

DEPUTY

FILED

2014 MAY -5 P 3 27

ST TAMMANY PARISH

WWW.EFAX.COM

000021

22nd Judicial District Court For St. Tammany Parish

State of Louisiana

No.                                                                                    Div:

Nicholas A. Harper

Versus

The City of Covington, , The Covington Police Department,  Richard Palmisano, in his indivi
dual  and official capacity, Mike Cooper in his individual capacity and official capacity, Stev
en Short in his individual capacity and official capacity, and Steven Cullotta in his individual
capacity and official capacity

FILED

2014 MAY -5 P 2:27

ST TAMMANY PARISH

**VOELKEL LAW OFFICE**
Christine Y. Voelkel
218 Lafitte Street
Mandeville, LA 70448
Phone 985-869-1337

2014 11935 A
**FILED**

May 5, 2014

MAY 05 2014

MALISE PRIETO, CLERK

Deputy

Re:    Nicholas A. Harper v. The City of Covington, et al.

Dear Clerk:

Enclosed for filing please find the original petition for damages originally fax filed on April 24, 2014, along with the supplemental cover page directed as intended to the 22nd JDC and the fax cover pages accompanying those (2) faxes of April 24, 2014. Also enclosed for filing is a supplemental and amending petition for damages being filed at this time to correct errors of form at the time of filing due to a computer issue.

Please note I have attached the original fax transmission I received from the clerk which officially allocated the matter to a division of court, and therefore I strongly object to the Clerk allocating the matter to a new division of court after the matter had been already legally assigned pursuant to Louisiana law.

Furthermore, please hold service as to the original petition and the supplemental and amending petition at this time.

Sincerely,

Christine Voelkel

FILED
2014 MAY -5 P 3 24
ST TAMMANY PARISH

000023



# Malise Prieto

### Clerk of Court

**22nd Judicial District**
**Parish of St. Tammany**

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

---

**DATE OF CONFIRMATION: April 25, 2014**

TO: *Christy Voelkel*                    FAX: *866- 717- 0866*

**FROM: ST TAMMANY PARISH CLERK OF COURT**    Phone:  985-809-8700
Fax:      985-809-8777

**DATE FAX FILING RECEIVED:** <u>April 24, 2014</u>

SUIT CAPTION: *Nicholas Harper W. City of Covington et al*

SUIT NUMBER: <u>*2014-11935-A*</u>          AMOUNT DUE: $ *300.00*

## RECEIPT OF FAX TRANSMISSION

### PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR FILING MAY NOT BE DEEMED TIMELY FILED.

### <u>PLACE NEW SUIT NUMBER ON ALL PLEADINGS.</u>

**La. R.S. 13:850. Facsimile transmission; filings in civil actions; fees; equipment and supplies**

A.     Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.     Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1)     The original signed document.
(2)     The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original pleadings.)
(3)     A transmission fee of five dollars.

C.     <u>If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.</u> The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

**PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS.**

---

### ATTENTION FILING CLERK
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

I:\SLR FILES\FAX CONFIRMATION 08.24.12.wpd                          Revised 08/24/12

000024

# TRANSACTION REPORT

APR/25/2014/FRI 10:17 AM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | APR/25 | 10:16AM | 918667170866 | 0:01:03 | 1 | MEMORY OK | G3 | 3265 |



## *Malise Prieto*

### Clerk of Court

### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

---

**DATE OF CONFIRMATION:** April 25, 2014

TO: Christy Voelkel          FAX: 866-717-0866

FROM: ST TAMMANY PARISH CLERK OF COURT

Phone: 985-809-8700
Fax: 985-809-8777

**DATE FAX FILING RECEIVED:** April 24, 2014

SUIT CAPTION: Nicholas Harper vs. City of Covington et al

SUIT NUMBER: 2014-11935-A          AMOUNT DUE: $ 300.00

## RECEIPT OF FAX TRANSMISSION

PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE
FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR
FILING MAY NOT BE DEEMED TIMELY FILED.

### PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.    Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.    Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
    (1)    The original signed document.
    (2)    The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original pleadings.)
    (3)    A transmission fee of five dollars.

C.    If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS

# FAX COVER SHEET

| TO | Civil Filing - clerk of Court |
| --- | --- |
| COMPANY | 22nd JDC |
| FAX NUMBER | 19858098777 |
| FROM | Christine Voelkel |
| DATE | 2014-04-25 04:48:33 GMT |
| RE | New Suit Fax Filing |

## COVER MESSAGE

Please fax file the attached suit and I will follow up with the original and costs Due. Also please note that I have new temporary contact information as follows
phone 985 869 1337
Fax 1 866 717 0866

Thanks, Christy Voelkel

**FAX COPY**

APR 2 4 2014

000026

UNITED STATES EASTERN DISTRICT COURT FOR THE STATE OF LOUISIANA

CASE NO: 2014-11935          DIVISION: F A

## NICHOLAS A. HARPER

### VERSUS

**THE CITY OF COVINGTON, THE CITY OF COVINGTON POLICE DEPARTMENT, RICHARD PALMISANO, both individually and in his official capacity as former CHIEF OF POLICE FOR THE CITY OF COVINGTON, MIKE COOPER, individually and in his official capacity as mayor of The City of Covington, STEVEN SHORT both individually and in his official capacity, STEVEN CULLOTTA both individually and in his official capacity.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINIFF'S ORIGINAL PETITION FOR DAMAGES AND JURY DEMAND

Plaintiff, **NICHOLAS A. HARPER**, herein after referred to as "**PLAINTIFF**" by and through undersigned counsel, hereby institutes the instant suit for damages against the named defendants as follows:

**I.     PARTIES**

1.  Plaintiff, Nicholas A. Harper, who is a person of the full age of majority and domiciled and residing in the City of Baton Rouge, State of Louisiana; and

2.  Defendant, The City of Covington, who is a self insured municipal corporation authorized to do and is doing business in the City of Covington, Parish of St. Tammany, State of Louisiana.

3.  Defendant, former Chief of Police for the City of Covington, Richard Palmisano, individually and in his official capacity, as former Chief of Police for the City of Covington Police Department. Former Chief Palmisano is and at all relevant times was acting as the Chief of Police for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties as the Chief of Police and at all relevant times was acting under color of state law. Further, former Chief Palmisano to the best of

I

**FAX COPY**

APR 2 4 2014

RECEIVE:          NO.3259          04/25/2014/FRI 12:01AM

information and belief is a resident and domiciliary of the Eastern District of Louisiana.

4. Defendant, The City of Covington Police Department is a municipal department within the supervision and control of the City of Covington and the Mayor of the City of Covington. Further, upon information and belief the City of Covington and/or the Mayor for the City of Covington at all relevant times reposed, delegated, entrusted whether pursuant to agency principles or other otherwise in its Chief of Police for the City of Covington Police Department final authority with respect to termination of employment decisions.

5. Defendant, ABC Insurance Company, a fictitious name for an actual insurance business licensed and duly authorized to do and who is doing business in the State of Louisiana prior to the filing of the instant complaint, and who upon information and belief provided at all relevant times insurance coverage for the acts and omissions of said defendants.

6. Defendant, Mike Cooper, individually and in his official capacity, as Mayor for the City of Covington. Mayor Mike Cooper at all relevant times was acting in his official capacity as mayor for the City of Covington and was at all relevant times acting in the course and scope of his employment and official duties as the acting mayor and at all relevant times was acting under color of state law. Further, upon information and belief Mayor Mike Cooper is a resident and domiciliary of the Eastern District of Louisiana.

7. Defendant, Steven Short, individually and in his official capacity, as a police officer for the City of Covington Police Department. Steven Short is and at all relevant times was acting as the the Internal Affairs Investigator for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties and at all relevant times was acting under color of state law. Further, Steven Short to the best of information and belief is a resident and domiciliary of the Eastern District of Louisiana.

8. Defendant, Steven Cullotta, individually and in his official capacity, as a police officer for the City of Covington Police Department. Steven Cullotta is and at all relevant times was acting as a detective for the City of Covington Police Department and was at all relevant times acting in the course and scope of his employment and official duties and at all relevant times was acting under color of state law. Further, Steven Cullotta to the best of information and belief is a resident and domiciliary of the Eastern District of Louisiana.

2

**FAX COPY**

APR 2 4 2014

000028

## II. JURISDICTION AND VENUE

9. Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. section 1983 and the United States Constitution because this case arises under the Constitution and laws of the United States. Thus the instant suit is an actual controversy arising under the Fifth and Fourteenth Amendments of the United States Constitution and also arises pursuant to the provisions of Title 42 U.S.C. sections 1983 and 1988 respectively.

10. Supplemental jurisdiction is also asserted for all claims cognizable under the laws of the State of Louisiana and the Louisiana State Constitution including claims for violations of Articles I, section 2, all pursuant to 28 U.S.C. section 1367.

11. Venue is proper in this District Court under 28 U.S.C. Sections 1391(b) and 1393(a). Plaintiff avers that one or more of the defendants reside in this district and the claims asserted herein arose in this district.

12. Furthermore, this Honorable Court has jurisdiction over this matter as the amount in controversy exceeds this Court's jurisdictional requirements.

## III. PRELIMINARY STATEMENT

13. This Civil Complaint is brought pursuant to Title 42 U.S.C. Section 1983 and 1988 as an action to redress the wrongful, malicious, and intentional deprivation under color of law, statute, ordinance, regulation, custom or usage of the rights and privileges or immunities secured to Plaintiff by the Constitution of the United States, including but not limited to the Fifth and Fourteenth Amendments of the United States Constitution and/or by acts of Congress. Plaintiff further asserts claims pursuant to the Constitution of the State of Louisiana, and other pertinent statutes, laws, and ordinances of the State of Louisiana.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff, Nicholas A. Harper, who held a permanent classified civil service position with the City of Covington Police Department as a police officer was arbitrarily without legal cause wrongfully terminated on April 24, 2013, which termination was not only based on improper motive and malicious intent undertaken with reckless disregard but which also likewise violated his due process rights.

3

FAX COPY

APR 2 4 2014

RECEIVE:        NO.3259        04/25/2014/FRI 12:01AM

000029

15. Likewise, Plaintiff, Nicholas Harper's additional disciplinary sanction of being suspended without pay also unconstitutionally violated the provisions of the Officer's Bill of Rights acting as an actual and/or constructive termination of his employment without any notice and without a pre disciplinary hearing occurring on March 25, 2013, when Officer Harper was wrongly and falsely arrested.

16. The illegal suspension without pay and termination are an absolute nullity as he was deprived of notice and of a pre- termination hearing pursuant to the Police Officer's Bill of Rights codified by *La. R.S. 40:2531* which mandates certain minimal rights for police offices prior to disciplinary measures being adversely taken.

17. Defendants Steven Short, Steven Cullotta, and Richard Palmisano intentionally deprived Officer Nicholas Harper of his constitutionally protected rights through unlawful tactics exerted through intimidation, coercion, duress and negative media coverage in connection with an incident occurring on or about November 20, 2012, wherein a George Davis was in the custody of the Covington Police after having committed the crimes of theft and battery on a local store owner, who while in custody attacked former officer Anthony Adam by biting the officer causing injury as well as bleeding to Officer Adams with the inmate, George Davis, informing the officer he attacked that he was infected with the HIV virus suggesting Officer Adams would now have it to with the attack thereby necessitating the assistance of officer Harper who thereafter was wrongfully terminated, investigated, and prosecuted in bad faith by named defendants for legal and reasonable actions taken in the line of duty under the circumstances in having to come to the assistance of Officer Adams.

## V.   CAUSES OF ACTION

### A. COUNT ONE, TWO & THREE – WRONGFUL TERMINATION & BAD FAITH PROSECUTION & FALSE ARREST

18. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

19. At all times relevant hereto, Plaintiff avers that he had a property interest in his continued employment as Plaintiff is classified as a permanent classified civil service employee and thereby notice and opportunity to be heard are statutorily required pursuant to La.R.S.40:2531 which mandates certain minimal police officer rights including a pre- termination hearing. Pursuant to

4

FAX COPY

APR 2 4 2014

La. R.S. 40:2531, mandatory minimum standards shall be complied with during any investigation of an officer, more commonly referred to as "The Police Officer's Bill of Rights;"

20. The Defendants are liable in their respective individual and official capacities for these violations and deprivations pursuant to 42 U.S.C. section 1983 and state law, as Defendants have violated and deprived Plaintiff of his Constitutional rights in the following respects:

a.) By wrongfully terminating him without legal cause in spite of his substantive and procedural due process rights under the Fourteenth and Fifth Amendments to the United States Constitution to be terminated only for cause; and

b.) By failing to provide notice and opportunity to be heard in spite of his procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution; and

c.) By terminating him without legal cause in spite of his substantive due process rights under Article I, section 2 of the Louisiana Constitution to be terminated only for cause, and in spite of his related right under Article X, Section 16 of the Louisiana Constitution to be terminated only for legal cause and state statute; and

d.) By failing to provide notice and opportunity to be heard in spite of his procedural due process rights under the Fourteenth and Fifth Amendments to the U.S. Constitution and Article I, section 2 and Article X, section 16 of the Louisiana Constitution and state statute; and

e.) By pursuing prosecution against Plaintiff in a bad faith manner and without probable cause through an improper maliciously motivated investigation, false arrest, and bad faith prosecution with the officers acting under color of state law withholding relevant information/evidence and/or witness statements and by utilization of tactics including intimidation, duress, bullying, and coercion intended to mislead and taint the investigation and prosecution for improper motives to be more fully detailed and supplemented.

21. Pursuant to state law and official policy of the local government body Chief Palmisano and Mayor Cooper were acting in their official capacities and acting under the color of state law in all acts and omissions and/or silence as complained herein which deprived Harper of his property interest and liberty interest in his employment without affording him Constitutional due process and failing to ensure he had a fair, unbiased, non-prejudicial investigation; violating not only the Federal Constitution but also the Louisiana Constitution and state law making defendants liable in their individual capacities while acting under color of law to Plaintiff for damages for the

5

FAX COPY

APR 2 4 2014

deprivation of his property and liberty interest in employment pursuant to 42 USC section 1983 and Louisiana law and likewise subjecting Harper to bad faith prosecution by the hands of the city officials named as defendants herein.

22. Further, at all times pertinent hereto, the defendants, namely Chief Palmisano and Mayor Cooper were acting in the course and scope of their employment in their official capacities under color of state law with actual or constructive implicit knowledge and implicit approval of the wrongful procedures utilized in connection with the investigation and in the acts/omissions or otherwise effectively sanctioning the improper, unconstitutional and illegal acts taken against Harper and therefore the defendants are liable individually and in their official capacities as the moving force, proximate cause or affirmative link in the conduct directly causing Harper's wrongful termination and thus the defendants are liable for violation of Plaintiff's Constitutional Rights, and state law rights.

## B. COUNT TWO – DEFAMATION

23. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

24. Plaintiff avers that the defamatory statements published by the city, Mayor Cooper and Palmisano intentionally and maliciously constitute "defamation per se" as the statements constitute words which expressly or implicitly accuse another of criminal conduct, or which statements by their very nature tend to injure one's personal or professional reputation even without considering extrinsic facts or surrounding circumstances are considered defamatory per *Lemeshewsky v. Dumaine*, 464 So.2d 973 (La. App. 4th Cir. 1985).

25. At all times pertinent hereto, the Defendants were acting in their official capacities under the color of state law in their acts and omissions and/or silence being the proximate cause causing Plaintiff's injuries and thus are therefore liable for Plaintiff's damages.

## C. VICARIOUS LIABILITY DOCTRINE OF RESPONDEAT SUPERIOR

26.) The allegations contained in the forgoing paragraphs are repeated, re-alleged and incorporated herein by reference as if fully set forth.

27.) At all times pertinent hereto, the City of Covington, The City of Covington Police Department, and Chief Richard Palmisano and Mayor Mike Cooper are sued under the doctrine

6

FAX COPY

APR 2 4 2014

of respondeat superior/Vicarious liability as to Plaintiff's state law claims as the defendants were acting in the course and scope of their employment and official duties namely with Chief Palmisano acting as the City of Covington's Chief of Police employed by the department and the City of Covington under the supervision and control of the mayor, Mike Cooper as well as acting as an agent for the City of Covington when he engaged in the actions alleged herein and thus are liable for the acts and omissions made the basis of the instant suit. Alternatively, the defendants are individually liable for said acts and omissions and may not avail of the defense of qualified immunity, which is denied by Plaintiff as Defendants created, supported and promulgated the wrongful policies and actions undertaken.

28.) All named defendants are liable unto Plaintiff jointly, severably, and in solidio.

## VI. PUNITIVE DAMAGES

29.) The allegations contained in the forgoing paragraphs are repeated, re-alleged and incorporated herein by reference as if fully set forth.

30.) Plaintiff seeks punitive be awarded in connection with his claim pursuant to 42 U.S.C. Section 1983 as the defendants Chief Palmisano, Steven Short, Steven Cullotta, and Mayor Mike Cooper actions as alleged herein were malicious, intentional, wanton, willful and/or in reckless disregard for Plaintiff's rights with Plaintiff being entitled to an award of punitive damages against the named Defendants individually.

## VII. ATTOREY'S FEES

31.) Plaintiff through undersigned counsel specifically pleads the right to attorney fees as authorized by the Civil Rights Attorney's Fee Awards Act of 1976, amending Title 42 USC Section 1988 for his actions in enforcing Sections 1983 of title 42 of the United States Code.

## VIII. DAMAGES

32.) Compensatory Damages: Plaintiff seeks compensatory damages for the acts and omissions of the defendants in this matter which caused him damage for the Defendant's Denial of Civil Rights, wrongful termination, humiliation, mental anguish, defamation of his character, Abuse of his Rights, embarrassment, loss of pride, stress, and for all past present and future suffering.

33.) Special Damages: Plaintiff seeks that the court award special damages for all past present

**FAX COPY**

7

APR 2 4 2014

000033

and future medical expenses and any and all lost wages including loss of detail work and supplemental pay.

34.) Punitive Damages

35.) Attorneys Fees pursuant to section 1988 of the United States Code and attorney fees in the underlying matter.

36.) Plaintiff seeks that the court also award legal/judicial interest from date of judicial demand and that all cost incurred be paid by the defendants.

## IX. DEMAND FOR JURY TRIAL

37.) Plaintiff demands and is entitled to a trial by jury.

## X. MISSILANEOUS

38.) Plaintiff respectfully avers that he intends to supplement and amend the instant petition although due to the fact that there is a current criminal proceeding pending in the 22nd Judicial District Court arising out of this matter shall do so at the appropriate time.

FAX COPY

8

APR 2 4 2014

WHEREFORE, Plaintiff, NICHOLAS A. HARPER, prays that the Defendants, namely, The City of Covington, The City of Covington the former Chief of the Covington Police Department, and ABC Insurance Company, Mayor Mike Cooper both individually and in his official capacity, Steven Short both individually and in his official capacity, and Steven Cullotta both individually and in his official capacity be duly served and cited with a copy of the instant complaint and ordered to appear and answer same and that after all legal delays have lapsed that there be judgment in favor of Plaintiff, Nicholas A. Harper, and against the named defendants jointly, severally, and in solido for all of the relief sought in this instant petition for damages including all costs and attorney's fees as well as legal interest on all amounts awarded to Plaintiff from the date of judicial demand until paid, and for all other legal and equitable relief that this Honorable Court deems appropriate.

Respectfully Submitted:

BY/:s/Christine Y. Voelkel

Christine Y. Voelkel (#29469)
218 Lafitte Street
Mandeville Louisiana 70448
Telephone: (985) 869-1337 or (985) 626-3344
Email: cvoelkellawfirm@gmail.com
Counsel for Plaintiff, Nicholas A. Harper

## CERTIFICATION OF ELECTRONIC FILING

Undersigned counsel certifies that on this 25th day March, 2014, that she has electronically filed the instant Petition with the court through the court's electronic pacer filing system and shall serve the instant petition upon said defendants pursuant to this court's requirements via issuance of summons and/or through acceptance of service and waiver of citation to be filed with the court.

/s/Christine Y. Voelkel (#29469)

**FAX COPY**

9

APR 2 4 2014

RECEIVE:          NO.3259          04/25/2014/FRI 12:01AM

000035

# TRANSACTION REPORT

APR/25/2014/FRI 12:10 AM

FAX(RX)

| # | DATE | START T. | SENDER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|--------|----------|------|-----------|--|------|
| 001 | APR/25 | 12:01AM | 18667170866 | 0:08:05 | 10 | OK | G3 | 3259 |



# *Malise Prieto*

## Clerk of Court

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

### 22nd Judicial District
### Parish of St. Tammany

**INCOMPLETE
and/or
DUPLICATE FAX**

**DATE OF CONFIRMATION:** April 25, 2014

TO: *Christy Voelkel*                     FAX: 866-717-0866

FROM: ST TAMMANY PARISH CLERK OF COURT        Phone: 985-809-8700
                                               Fax:   985-809-8777

**DATE FAX FILING RECEIVED:** April 24, 2014

SUIT CAPTION: *Nicholas Harper vs. City of Covington et al*

SUIT NUMBER: *2014-11935-A*   **Additional AMOUNT DUE:** *None Due*

## RECEIPT OF
## *Duplicate* and/or *Incomplete*
## FAX TRANSMISSION

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.  Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.  Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
    (1)  The original signed document.
    (2)  The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original pleadings.)
    (3)  A transmission fee of five dollars.

C.  **If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.** The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

**Duplicate or incomplete faxes are charged at $5.00 for the first page and fifty cents for each additional page.**

I:\SLR FILES\fax confirmation duplicate 3-26-14.wpd                    Revised 03/26/2014

000037

TRANSACTION REPORT

APR/25/2014/FRI 10:19 AM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | APR/25 | 10:17AM | 918667170866 | 0:01:01 | 1 | MEMORY    OK | G3 | 3266 |



## *Malise Prieto*

### Clerk of Court

### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

**INCOMPLETE**
~~and/or~~
**DUPLICATE FAX**

DATE OF CONFIRMATION: April 25, 2014

TO: *Chindy Voelkel*          FAX: *866-717-0866*

FROM: ST TAMMANY PARISH CLERK OF COURT          Phone: 985-809-8700
Fax:  985-809-8777

DATE FAX FILING RECEIVED: April 24, 2014

SUIT CAPTION: *Nicholas Harper vs. City of Covington et al*

SUIT NUMBER: *2014-11935-A*    Additional AMOUNT DUE: *None Due*

## RECEIPT OF
## *Duplicate and/or Incomplete*
## FAX TRANSMISSION

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.    Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.    Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
    (1)    The original signed document.
    (2)    The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original pleadings.)
    (3)    A transmission fee of five dollars.

C.    **If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.** The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

Duplicate or incomplete faxes are charged at $5.00 for the first page and fifty cents for each



INCOMPLETE
and/or
DUPLICATE FAX

# FAX COVER SHEET

| TO | Clerk of Court - fax filing |
|----|------|
| COMPANY | 22nd JDC |
| FAX NUMBER | 19858098777 |
| FROM | Christine Voelkel |
| DATE | 2014-04-25 04:54:33 GMT |
| RE | Supplement to new suit fax filing |

## COVER MESSAGE

Dear Clerk please supplement the fax filing Nicholas Harper v. City of Covington. et al
with the instant supplement and amendment to page 1, which is addressed to the proper
court 22nd JDC.

Sincerely, Christy Voelkel

# FAX COPY

APR 2 4 2014



WWW.EFAX.COM

RECEIVE:        NO.3260        04/25/2014/FRI 12:12AM

000039



22nd Judicial District Court For St. Tammany Parish
State of Louisiana

No.                                                              Div:

Nicholas A. Harper
Versus
The City of Covington, , The Covington Police Department,  Richard Palmisano, in his indivi
dual  and official capacity, Mike Cooper in his individual capacity and official capacity, Stev
en Short in his individual capacity and official capacity, and Steven Cullotta in his individual
capacity and official capacity

**FAX COPY**

APR 2 4 2014

## TRANSACTION REPORT

APR/25/2014/FRI 12:13 AM

FAX(RX)

| # | DATE | START T. | SENDER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|--------|----------|------|-----------|---|------|
| 001 | APR/25 | 12:12AM | 18667170866 | 0:01:05 | 2 | OK | G3 | 3260 |



# *Malise Prieto*

## Clerk of Court

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

### 22nd Judicial District
### Parish of St. Tammany

**DATE OF CONFIRMATION: April 25, 2014**

TO: Christy Viellul                     FAX: 866-717-0886

FROM: ST TAMMANY PARISH CLERK OF COURT     Phone: 985-809-8700
                                           Fax:   985-809-8777

**DATE FAX FILING RECEIVED:** April 24, 2014

SUIT CAPTION: Nicholas Harper V.S. City of Covington et al

SUIT NUMBER:_____     AMOUNT DUE: $ *Please Call Re Incomplete Fax See attached*

## RECEIPT OF FAX TRANSMISSION

PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE
FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR
FILING MAY NOT BE DEEMED TIMELY FILED.

### PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.    Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of
court shall make available for their use equipment to accommodate facsimile filing in civil actions.
Filing shall be deemed complete at the time that the facsimile transmission is received and a
receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when
filed has the same force and effect as the original.

B.    Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the
transmission, the party filing the document shall forward the following to the clerk:
   (1)    The original signed document.
   (2)    The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed
          documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original
          pleadings.)
   (3)    A transmission fee of five dollars.

C.    <u>If the party fails to comply with the requirements of Subsection B, the facsimile filing shall
have no force or effect.</u> The various district courts may provide by court rule for other matters
related to filings by facsimile transmission. (Emphasis added.)

**PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS.**

## ATTENTION FILING CLERK
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

I:\SLR FILES\FAX CONFIRMATION 08.24.12.wpd                    Revised 08/24/12

000042

1500451000

## TRANSACTION REPORT

APR/25/2014/FRI 09:00 AM

### FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | APR/25 | 08:59AM | 918667170866 | 0:01:30 | 2 | MEMORY OK | G3 | 3262 |



## *Malise Prieto*

### Clerk of Court

#### 22nd Judicial District
#### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

---

**DATE OF CONFIRMATION: April 25, 2014**

TO: *Christy Vieukel*     FAX: *866- 717· 0866*

FROM: ST TAMMANY PARISH CLERK OF COURT     Phone: 985-809-8700
Fax: 985-809-8777

**DATE FAX FILING RECEIVED:** <u>April 24, 2014</u>

SUIT CAPTION: *Nicholas Harper vs. City of Covington et al*

SUIT NUMBER:_____     AMOUNT DUE: $ *Please Call Re Incomplte Fax See attachd*

## RECEIPT OF FAX TRANSMISSION

PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE
FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR
FILING MAY NOT BE DEEMED TIMELY FILED.

### <u>PLACE NEW SUIT NUMBER ON ALL PLEADINGS.</u>

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.  Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.  Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1)   The original signed document.
(2)   The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original pleadings.)
(3)   A transmission fee of five dollars.

C.  <u>If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.</u> The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS

May 5, 2014


Christine Y. Voelkel
Attorney at Law
218 Lafitte St.
Mandeville, LA 70448

RE:    NICHOLAS A. HARPER
       VS.#2014-11935 A
       CITY OF COVINGTON, ET AL

Dear Counsel;

In accordance with La. R.S. 13:4688 and Part G, Section 13 of the Court's General
Administrative Rules for the Supreme Court of Louisiana, a Civil Case Reporting Form is to be
submitted at the time of filing of any lawsuit for damages arising from an offense or quasi-
offense.  The law and court rule became effective January 1, 2012.

You will find enclosed a copy of the Civil Case Cover Sheet that you are required to submit for
the above referenced matter.  Please complete this form and return the original form to our office
so that we may begin processing your suit.  Please *do not fax* the form back to us.  We must have
the original form.

Sincerely,



Connie Gennaro
Deputy Clerk

14-11935



# Fax

**To:** 22nd JDC Clerk Of Court

Company:
Fax: 1 (985) 809-8777
Phone:
Company:
Fax ID: 5916091479
Reference:

P-01

A

**From: Christine**

Fax:
Phone: null
E·mail: cvoelkellawfirm@gmail.com

**NOTES:** Please fax file the attached service instructions and I will follow
up with the original and costs.  Also. I will contact you with a fax
number where you can fax the transmittal back to me.

Sincerely
Christy Voelkel

FAX COPY

JUL 2 2 2014

www.FilesAnywhere.com

Fax Date and Time (Eastern): Wednesday. July 23, 2014 12:54:44 AM
Pages, Including This Cover: 02

Re: Nicholas A. Harper v City of Covington, et al
Assigned suit no 2014 11935 Div A
And assigned no 2014 11933 Div F

Dear Clerk:
    Please issue service of the above entitled suit as follows:

PLEASE SERVE:

The City of Covington, the Covington Police Department and Mayor
Mike Cooper in his Official and individual capacity at
317 N. Jefferson St Covington La 70433

Richard Palmisano in his official capacity and individual capacity at
270 Oak Island Drive
Mandeville La 70488

Steven Cullotta and Steven Short in their individual and official capac
ity at
609 N. Columbia Street Covington La 70433


**FAX COPY**

JUL 2 2 2014

# TRANSACTION REPORT

JUL/23/2014/WED 12:12 AM

FAX(RX)

| # | DATE | START T. | SENDER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|--------|----------|------|-----------|---|------|
| 001 | JUL/23 | 12:10AM | FilesAnywhere.com | 0:01:00 | 2 | OK | ECM | 6727 |



# *Malise Prieto*

## Clerk of Court

### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

---

**DATE OF CONFIRMATION:** July 23, 2014

TO: *Christin*                    FAX: 238-1000

FROM: ST TAMMANY PARISH CLERK OF COURT      Phone: 985-809-8700
Fax:   985-809-8777

**DATE FAX FILING RECEIVED:** <u>July 22, 2014</u>

SUIT CAPTION: *Nicholas Harper vs. City of Covington*

SUIT NUMBER: *2014-11925-A*      AMOUNT DUE: $ *450.00*

# RECEIPT OF FAX TRANSMISSION

## PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR FILING MAY NOT BE DEEMED TIMELY FILED.

### PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.   Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B.   Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
   (1)    The original signed document.
   (2)    The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original pleadings.)
   (3)    A transmission fee of five dollars.

C.   **If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.** The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

**PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS.**

---

## ATTENTION FILING CLERK
### THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

F:\SLR FILES\FAX CONFIRMATION 08.24.12.wpd                    Revised 08/24/12

```
TRANSACTION REPORT
                                    JUL/30/2014/WED 02:10 PM
FAX(TX)
 # | DATE  | START T. | RECEIVER  | COM.TIME | PAGE | TYPE/NOTE       |    | FILE
001| JUL/30| 02:09PM  | 92381000  | 0:00:58  |  1   | MEMORY    OK    | G3 | 7031
```



## Malise Prieto

### Clerk of Court

**22nd Judicial District
Parish of St. Tammany**

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

---

**DATE OF CONFIRMATION:** July 23, 2014

TO: Christin                          FAX: 238-1000

FROM: ST TAMMANY PARISH CLERK OF COURT      Phone: 985-809-8700
                                            Fax:   985-809-8777

**DATE FAX FILING RECEIVED:** July 22, 2014

SUIT CAPTION: Nichols Harper vs. City of Covington

SUIT NUMBER: 2014-11935-A      **AMOUNT DUE: $** 450.00

## RECEIPT OF FAX TRANSMISSION

PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE
FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR
FILING MAY NOT BE DEEMED TIMELY FILED.

### PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.    Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of
      court shall make available for their use equipment to accommodate facsimile filing in civil actions.
      Filing shall be deemed complete at the time that the facsimile transmission is received and a
      receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when
      filed has the same force and effect as the original.

B.    Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the
      transmission, the party filing the document shall forward the following to the clerk:
      (1)    The original signed document.
      (2)    The applicable filing fee, if any. (This charge includes fees for (a) filing the faxed
             documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original
             pleadings.)
      (3)    A transmission fee of five dollars.

C.    **If the party fails to comply with the requirements of Subsection B, the facsimile filing shall
      have no force or effect.** The various district courts may provide by court rule for other matters
      related to filings by facsimile transmission. (Emphasis added.)

PLEASE CALL THIS CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS

FILED

JUL 3 0 2014

MALISE PRIETO - CLERK

DEPUTY

Re: Nicholas A. Harper v City of Covington, et al

Assigned suit no 2014 11935 Div A

And assigned no 2014 11933 Div F

Dear Clerk:

   Please issue service of the above entitled suit as follows:

**PLEASE SERVE:**

The City of Covington, the Covington Police Department and Mayor
Mike Cooper in his Official and individual capacity at
317 N. Jefferson St Covington La 70433

Richard Palmisano in his official capacity and individual capacity at
270 Oak Island Drive
Mandeville La 70488

Steven Cullotta and Steven Short in their individual and official
capacity at
609 N. Columbia Street Covington La 70433

FILED

2014 JUL 30 P 3: 56

ST TAMMANY PARISH

218 Lafitte St.
Mandeville, LA 70488
985-869-1537

FAX FILED
7/22/14

624

000050

JUL/30/2014/WED 02:09 PM                    FAX No.                              P. 001



# Malise Prieto

## Clerk of Court

### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

---

**DATE OF CONFIRMATION: July 23, 2014**

TO: Christin                                FAX: 238-1000

FROM: ST TAMMANY PARISH CLERK OF COURT      Phone: 985-809-8700
                                            Fax:   985-809-8777

**DATE FAX FILING RECEIVED:** July 22, 2014

SUIT CAPTION: Nichola Harper vs. City & Covington

SUIT NUMBER: 2014-11935-A      AMOUNT DUE: $ 450.00

## RECEIPT OF FAX TRANSMISSION

PLEASE ATTACH THIS FAXED RECEIPT OF TRANSMISSION TO THE
FRONT PAGE OF THE ORIGINAL PLEADINGS WHEN FILING OR YOUR
FILING MAY NOT BE DEEMED TIMELY FILED.

### PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

**La. R.S. 13:850.** Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.   Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of
     court shall make available for their use equipment to accommodate facsimile filing in civil actions.
     Filing shall be deemed complete at the time that the facsimile transmission is received and a
     receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when
     filed has the same force and effect as the original.

B.   Within seven (7) days, exclusive of legal holidays, after the clerk of court has received the
     transmission, the party filing the document shall forward the following to the clerk:
     (1)   The original signed document.
     (2)   The applicable filing fee, if any.  (This charge includes fees for (a) filing the faxed
           documents, (b) fax confirmation fee of $10.00 and (c) fee for filing of the original
           pleadings.)
     (3)   A transmission fee of five dollars.

C.   **If the party fails to comply with the requirements of Subsection B, the facsimile filing shall
     have no force or effect.** The various district courts may provide by court rule for other matters
     related to filings by facsimile transmission. (Emphasis added.)

**PLEASE CALL THE CLERK'S OFFICE IF YOU HAVE ANY QUESTIONS.**

---

### ATTENTION FILING CLERK
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

I:\SLR FILES\FAX CONFIRMATION 08.24.12.wpd                        Revised 08/24/12

FILED
2014-11935
JUL 3 0 2014
MALISE PRIETO - CLERK
DEPUTY

**FilesAnywhere**
**Web Fax Service**

# Fax

**To:** **22nd JDC Clerk Of Court**
Company:
Fax: 1 (985) 809-8777
Phone:
Company:
Fax ID: 5916091479
Reference:

**From:** **Christine**
Fax:
Phone: null
E-mail: cvoelkellawfirm@gmail.com

**NOTES:** Please fax file the attached service instructions and I will follow
up with the original and costs. Also, I will contact you with a fax
number where you can fax the transmittal back to me.

Sincerely
Christy Voelkel

www.FilesAnywhere.com

**Fax Date and Time (Eastern):** Wednesday, July 23, 2014 12:54:44 AM
**Pages, Including This Cover:** 02

Nicholas A. Harper

VS:    2014-11935 A

The City of Covington, et al

# 22nd Judicial District Court

# Parish of St. Tammany

# State of Louisiana

**TO THE DEFENDANT**    The City of Covington, 317 N. Jefferson St., Covington,

LA  70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this    30th    day of    July    , 2014.

*Malise Prieto*, CLERK OF COURT

BY: _____

Claudia V. Frisbee                    Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____, 2014, and on _____, 2014,

I served a true copy of the within _____.

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____

Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

*xlr*

000053

Nicholas A. Harper

VS:     2014-11935 A

The City of Covington, et al

**22nd Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**

**TO THE DEFENDANT**    Richard Palmisano, Individually and in His Official Capacity

as Former Chief of Police for the City of Covington Police Department, 270 Oak Island

Drive, Mandeville, LA  70488

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true

and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by

filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N.

Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within

**FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this    30th    day of    July    , 2014.

*Malise Prieto*, CLERK OF COURT

BY: _____

Claudia V. Frisbee                    Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____ , 2014,  and on _____ , 2014,

I served a true copy of the within _____

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____
                                              Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

Nicholas A. Harper

VS:    2014-11935 A

The City of Covington, et al

**22nd Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**

**TO THE DEFENDANT**    Steven Cullotta, Individually and in His Official Capacity

as a Police Officer for the City of Covington Police Department, 609 N. Columbia Street,

Covington, LA 70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this    30th    day of    July    , 2014.

*Malise Prieto*, CLERK OF COURT

BY: _____

Claudia V. Frisbee                    Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA 70448

Received on _____, 2014, and on _____, 2014,

I served a true copy of the within _____.

on _____    in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff

_____ Parish of _____

101 - 15 day regular Citation
Rev 11/13

Nicholas A. Harper

VS:   2014-11935 A

The City of Covington, et al

**22nd Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**

TO THE DEFENDANT   Steven Short, Individually and in His Official Capacity

as a Police Officer for the City of Covington Police Department, 609 N. Columbia Street,

Covington, LA  70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this   30th   day of   July   , 2014.

*Malise Prieto*, CLERK OF COURT

BY: _____

Claudia V. Frisbee                    Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____, 2014, and on _____, 2014,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____
                                           Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

Nicholas A. Harper

VS:    2014-11935 A

The City of Covington, et al

# 22ⁿᵈ Judicial District Court

# Parish of St. Tammany

# State of Louisiana

**TO THE DEFENDANT**    The Covington Police Department, 317 N. Jefferson St.,

Covington, LA  70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22ⁿᵈ Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this        30ᵗʰ      day of        July        , 2014.

*Malise Prieto*, CLERK OF COURT

BY: _____

Claudia V. Frisbee                          Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____, 2014, and on _____, 2014,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

Nicholas A. Harper

VS:    2014-11935 A

The City of Covington, et al

**22nd Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**


**TO THE DEFENDANT**    Mike Cooper, Individually and in His Official Capacity as

Mayor for the City of Covington, 317 N. Jefferson St., Covington, LA  70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this    30th    day of    July    , 2014.

*Malise Prieto*, CLERK OF COURT

BY: _____

Claudia V. Frisbee                    Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____, 2014, and on _____, 2014,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

000058

SERVE

Nicholas A. Harper

VS:    2014-11935 A

The City of Covington, et al

**22nd Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**

**TO THE DEFENDANT**    Steven Short, Individually and in His Official Capacity

as a Police Officer for the City of Covington Police Department, 609 N. Columbia Street,

Covington, LA  70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this    30th    day of    July    , 2014.

*Malise Prieto*, CLERK OF COURT

BY:    S/CLAUDIA V. FRISBEE

Claudia V. Frisbee    Deputy Clerk

Issued: 8/13/14

A TRUE COPY
*Claudia V. Frisbee*
DY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____ , 2014, and on _____ , 2014,

I served a true copy of the within _____

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center

_____ Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

000059



Nicholas A. Harper

VS:     2014-11935 A

The City of Covington, et al

**22nd Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**

**TO THE DEFENDANT**    Steven Short, Individually and in His Official Capacity

as a Police Officer for the City of Covington Police Department, 609 N. Columbia Street,

Covington, LA  70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true

and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by

filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N.

Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within

**FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this ___30th___ day of ___July___, 2014.

*Malise Prieto*, CLERK OF COURT

BY: _____

Claudia V. Frisbee            Deputy Clerk

Issued: 8/13/14

**Attorney:**
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____, 2014, and on _____, 2014,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____

Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

000060

(52)201411935 - 3.00 -- C/P
No Service on                                 INT:
STEVEN SHORT INDIVIDUALLY & IN HIS OFFICIAL
CAPACI at
609 N Columbia ST, COVINGTON
Return Date & Time: 8/18/2014  5:21:00AM
NO LONGER EMPLOYED HERE

3715 - BAHM. BRETT, St. Tammany Parish

14-11935-A
FILED

AUG 19 2014

MALISE PRIETO, CLERK
Deputy



Nicholas A. Harper

VS:   2014-11935 A

The City of Covington, et al

**22ⁿᵈ Judicial District Court**

**Parish of St. Tammany**

**State of Louisiana**

TO THE DEFENDANT   Steven Cullotta, Individually and in His Official Capacity

as a Police Officer for the City of Covington Police Department, 609 N. Columbia Street,

Covington, LA 70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22ⁿᵈ Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this   30ᵗʰ   day of   July  , 2014.

*Malise Prieto*, CLERK OF COURT

BY:   S/CLAUDIA V. FRISBEE

             Claudia V. Frisbee        Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA 70448

A TRUE COPY
*Claudia V. Christin*
DY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Received on _____, 2014, and on _____, 2014,

I served a true copy of the within _____

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center,

_____

             Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

000062

*RETURN*

*8715*

| | |
|---|---|
| Nicholas A. Harper | **22nd Judicial District Court** |
| VS:    2014-11935 A | **Parish of St. Tammany** |
| The City of Covington, et al | **State of Louisiana** |

**TO THE DEFENDANT**    Steven Cullotta, Individually and in His Official Capacity

as a Police Officer for the City of Covington Police Department, 609 N. Columbia Street,

Covington, LA  70433

*Original Petition For Damages And Jury Demand and Supplemental And Amending Original Petition For Damages And Jury Demand*

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this    30th    day of    July    , 2014.

*Malise Prieto*, CLERK OF COURT

BY:    *Claudia V. Frisbee*

Claudia V. Frisbee                                Deputy Clerk

Issued: 8/13/14

Attorney:
Christine Y. Voelkel (P1)
218 Lafitte Street
Mandeville, LA  70448

Received on _____, 2014,  and on _____, 2014

I served a true copy of the within _____

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 11/13

000063

(52)201411935 - 4.00 – C/P
No Service on                                    INT:
STEVEN CULLOTTA INDIVIDUALLY & HIS OFFICIAL
CAPACI at
609 N Columbia ST, COVINGTON
Return Date & Time: 8/18/2014 11:05:00AM
OUT SICK UNKNOWN WHEN HE WILL RETURN
                                                      :

3715 - BAHM, BRETT, St. Tammany Parish

**FILED**
14-11935-A

AUG 20 2014

MALISE PRIETO, CLERK
Deputy